IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KELLIE WILSON, | |
| Plaintiff, | Case No.: 1:21-CV-1929 |
| v. | **Trial by Jury Demanded** |
| AIM SPECIALTY HEALTH, | |
| Defendant. | |

## COMPLAINT

COMES NOW the Plaintiff, KELLIE WILSON, by and through her attorneys, Case + Sedey, LLC, for her Complaint at Law against Defendant, AIM SPECIALTY HEALTH, and states and alleges as follows:

### Introduction

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., as amended ( "Title VII"), the Illinois Human Rights Act, 775 ILCS § 5/1-101 et seq. ("IHRA"), and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ( "Section 1981").

### Jurisdiction and Venue

2. Jurisdiction is conferred on this Court by the above-named statutes, as well as by 28 U.S.C. § 1331 and § 1367. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391 (b) and (c).

### The Parties

3. Plaintiff Kellie Wilson ("Plaintiff"), is an African American citizen of the United States and a resident of Chicago, Cook County, Illinois. Plaintiff has at all relevant times been

1

employed by Defendant Aim Specialty Health and is an "employee" as defined by the aforementioned statutes.

4. Defendant Aim Specialty Health ("Defendant") is an Illinois corporation registered and doing business in Chicago, Cook County, Illinois. At all relevant times, Defendant has had more than fifteen employees and has been an "employer" as defined by the aforementioned statutes.

**Factual Allegations**

5. Plaintiff began working for Defendant in or around June of 2011 as an independent contractor.

6. Plaintiff was successful in that role and, as a result, Defendant hired Plaintiff to work as a full-time employee with the title of Business Analyst II in or around August of 2012.

7. Since that time, Plaintiff has consistently met and/or exceeded Defendant's performance expectations. Indeed, she has become known as a "go to" member of her team to answer questions and help new employees and she has received several performance-based awards.

8. Despite that, Defendant has continually passed Plaintiff over for promotions and discriminated against her in relation to her compensation and other terms and conditions of employment based on her race.

9. Specifically, in or around October of 2016, Defendant hired Kimberly Louis (white) as a Business Analyst in the same group as Plaintiff. Given her tenure with Defendant, Plaintiff had been asked to interview Ms. Louis and provide her thoughts on Ms. Louis as a candidate for hire. Since that time, Defendant has promoted Ms. Louis to Business Consultant and given her the informal "Team Lead" title.

10.     Similarly, in or around October of 2017, Defendant hired Jesse Woltemath (white) as a Business Analyst and thereafter promoted him to Business Consultant and Team Lead.

11.     Plaintiff has far more tenure, experience, and expertise than Ms. Louis or Mr. Woltemath but Defendant has not promoted her to Business Consultant, informally titled her Team Lead, or given her the increased responsibilities, pay, and benefits which accompany those roles.

12.     Further, none of the promotions which Defendant awarded to Mr. Woltemath or Ms. Louis were posted internally or advertised in any way which might have allowed Plaintiff to apply or express her interest.

13.     As a result, Plaintiff remained a Business Analyst II from August 2012 through December 2020.

14.     Defendant ultimately promoted Plaintiff in or around December of 2020. But rather than making her a Business Consultant, Defendant promoted her to Business Analyst III – ensuring that she remains beneath Ms. Louis and Mr. Woltemath in Defendant's corporate hierarchy.

15.     In addition to passing her over for promotions, Defendant issued Plaintiff worse reviews (as compared to her white counterparts) and an unjustified performance improvement plan ("PIP") which was based on inaccurate metrics ranking her performance against her white counterparts. When Plaintiff complained about the issuance of the PIP – explaining that the metrics were inaccurate - Defendant refused to rescind it. These actions impacted Plaintiff's annual salary increases and bonus awards.

## Administrative Prerequisites

16.     On June 10, 2019, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination against Defendant. That charge was cross-filed with the Illinois Department of Human Resources ("IDHR").

17. On January 19, 2021, Plaintiff received her Notice of Right to Sue from the EEOC in relation to the above-referenced charge of race discrimination.

18. On April 5, 2021, Plaintiff received her Notice of Opt Out…and Right to Commence an Action from the IDHR.

### **COUNT I – RACE DISCRIMINATION IN VIOLATION OF TITLE VII**

19. Plaintiff incorporates the preceding paragraphs 1-18 as though fully set forth in this Count I.

20. Defendant intentionally discriminated against Plaintiff based on her race when it subjected her a continuing violation of failures to promote, adverse performance assessments, and disparate compensation as compared to her non-black counterparts.

21. Defendant engaged in the aforesaid discriminatory acts with malice or with reckless indifference to Plaintiff's federally protected rights under Title VII.

22. As a direct and proximate result, Plaintiff has suffered and continues to suffer substantial damages including but not limited to lost wages, lost benefits, and emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A. Enter a finding that Defendant subjected her to race discrimination in violation of Title VII;

B. Order Defendant to increase her pay and title commensurate with her non-black counterparts;

C. Award Plaintiff lost wages and benefits;

D. Award Plaintiff compensatory and punitive damages in an amount to be proven at trial;

E. Award Plaintiff her reasonable attorneys' fees and costs incurred in bringing this action; and

F. Award any further relief this Court deems to be just and appropriate.

## COUNT II – RACE DISCRIMINATION IN VIOLATION OF THE IHRA

23. Plaintiff incorporates the preceding paragraphs 1-18 as though fully set forth in this Count II.

24. Defendant intentionally discriminated against Plaintiff based on her race when it subjected her to a continuing violation of failures to promote, adverse performance assessments, and disparate compensation as compared to her non-black counterparts.

25. Defendant engaged in the aforesaid discriminatory acts with malice or with reckless indifference to Plaintiff's statutorily protected rights under the IHRA.

26. As a direct and proximate result, Plaintiff has suffered and continues to suffer substantial damages including but not limited to lost wages, lost benefits, and emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A. Enter a finding that Defendant subjected her to race discrimination in violation of the IHRA;

B. Order Defendant to increase her pay and title commensurate with her non-black counterparts;

C. Award Plaintiff lost wages and benefits;

D. Award Plaintiff compensatory damages in an amount to be proven at trial;

E. Award Plaintiff her reasonable attorneys' fees and costs incurred in bringing this action; and

F. Award any further relief this Court deems to be just and appropriate.

## **COUNT III – RACE DISCRIMINATION IN VIOLATION OF SECTION 1981**

27. Plaintiff incorporates the preceding paragraphs 1-18 as though fully set forth in this Count III.

28. By failing to promote Plaintiff and subjecting her to adverse performance assessments and disparate compensation as compared to her non-black counterparts, Defendant unlawfully interfered with Plaintiff's right to make and enforce her employment contract regardless of her race, in violation of Section 1981.

29. Defendant engaged in the aforesaid discriminatory acts with malice or with reckless indifference to Plaintiff's federally protected rights under Section 1981.

30. As a direct and proximate result, Plaintiff has suffered and continues to suffer substantial damages including but not limited to lost wages, lost benefits, and emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A. Enter a finding that Defendant unlawfully interfered with her right to make and enforce her employment contract regardless of her race in violation of Section 1981;

B. Order Defendant to increase her title and pay commensurate with her non-black counterparts;

C. Award Plaintiff lost wages and benefits;

D. Award Plaintiff compensatory and punitive damages in an amount to be proven at trial;

E. Award Plaintiff her reasonable attorneys' fees and costs incurred in bringing this action; and

F. Award any further relief this Court deems to be just and appropriate.

## **JURY DEMAND**

Plaintiff hereby demands trial by jury on all issues herein.

                                                              Respectfully Submitted,

                                                              KELLIE WILSON

                                                              By:  /s/ *Kate Sedey*
                                                                       One of Her Attorneys

Kate Sedey
Kristin M. Case
Case + Sedey, LLC
250 South Wacker Dr., Suite 230
Chicago, Illinois 60606
312-920-0400
312-920-0800 (fax)
ksedey@caseandsedey.com